IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| ANTHONY MILLER, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-1838-L |
| | § | 3:13-CR-431-L (01) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Anthony Miller pleaded guilty to possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Court sentenced Miller to 168 months in prison on April 21, 2015.

Miller did not appeal. However, he later filed this 28 U.S.C. § 2255 motion. He argues:

1. His due process rights were violated when he was convicted under § 924(c), which he asserts was invalidated under the reasoning set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015); and

2. He "received an enhanced sentence, [under] 18 U.S.C. § 924(c)(1)(A) that added 60 months to his sentence based on a predicate offense other than that which is named in the statute and subparagraph."

The government–in response to the Court's show cause order–has moved to dismiss Miller's § 2255 motion as time-barred. (ECF No. 9). Miller did not file a response.

## II. Discussion

Miller's § 2255 motion is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

Here, the limitations period began to run when Miller's conviction became final. *See* 28 U.S.C. § 2255(f)(1). Miller's conviction became final on May 6, 2015, when his time to file a

notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). Miller had one year from that date–or until May 6, 2016–to timely file his § 2255 motion. His motion, filed June 24, 2016, is untimely.

Moreover, the government is correct that § 2255(f)(3) does not apply here. Under that section, AEDPA's one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Miller claims to be asserting a right under the Supreme Court's decision in *Johnson*, but *Johnson* did not establish the right that he seeks to assert. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. At 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Miller was not convicted under the Armed Career Criminal Act, and that is not the statute that he seeks to challenge. Instead, he seeks to extend the right announced in *Johnson* to his conviction for possessing a firearm in relation to a drug trafficking crime, in violation of § 924(c). However, *Johnson* casts no doubt on 18 U.S.C. § 924(c)(2)'s definition of a "drug trafficking crime." Section 924(c)(2) sets forth the specific felonies that constitute a drug trafficking crime; it does not contain a residual clause like 924(c)(3)(B)'s definition of a "crime

of violence," or like the residual clause that was at issue in *Johnson*. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) ("drug trafficking crimes qualify as predicate offenses for purposes of § 924(c)'s enhanced penalty without reference to the risk of force definition"); *see also McKay v. United States*, No. 16-15377-D, 2017 WL 3597200, at *2 (11th Cir. Apr. 17, 2017) (holding that a conviction for carrying a firearm in relation to a drug-trafficking crime in violation of § 924(c) "does not raise any residual clause issues regarding § 924(c)'s crime-of-violence definition."). Because *Johnson* did not create the right that Miller seeks to assert here, § 2255(f)(3) does not apply. *See United States v. Bates*, No. 4:11-cr-00032, 2017 WL 123010, at * 2 (W.D. Va. Jan. 12, 2017) (rejecting an argument that § 2255(f)(3) applied to the movant's claim that *Johnson* upset his conviction for possessing a firearm during a drug-trafficking offense in violation of § 924(c)). Accordingly, Miller's § 2255 motion is untimely.

Nor can Miller benefit from equitable tolling, which applies only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (noting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Miller bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Miller has not carried that burden. He

has failed to show that he was actively misled about his habeas remedies or that he has been prevented in some extraordinary way from asserting his rights. Accordingly, his § 2255 motion is time-barred.

## III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as time-barred.

Signed this 12 day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).